## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ALBERT GESUALDO,                            :
                                            : Civil Action
                        Plaintiff,          :
                                            : Case No.
              v.                            :
                                            : JURY TRIAL DEMANDED
WAL-MART STORES, INC., JOHN DOES :
1-10 and ABC CORP 1-10 (the last two        :
names being fictitious and unknown),        :
intended to represent the person, firm or   :
corporation who owned, operated,            :
maintained or were otherwise responsible    :
for the premises, of the commonly known as :
"WAL-MART," located at 950 Route 37         :
W Toms River, New Jersey 08755,             :
                                            :
                        Defendants.         :
                                            :

## <u>DEFENDANT'S NOTICE OF REMOVAL</u>

Defendant, Wal-Mart Stores, Inc. (more properly identified as Wal-Mart Stores East, LP and hereinafter referred to "Defendant"), files this Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b) and § 1446(b) and (c) to remove this action from the Superior Court of New Jersey, Law Division, Ocean County, Docket No.: OCN-L-1511-18, where it is now pending, to the United States District Court for the District of New Jersey.  Defendant, in support thereof, states as follows:

      1.    A civil action has been brought against Defendant by Plaintiff, Albert P. Gesualdo. The action is pending in the Superior Court of New Jersey, Law Division, Ocean County, Docket Number OCN-L-1511-18.  Plaintiff filed the complaint on or about June 19, 2018.  <u>See</u> a true and accurate copy of Plaintiff's complaint, attached hereto as **Exhibit "A."**

2.     On July 31, 2018, Defendant filed an Answer with Affirmative Defenses denying all liability.  See a true and accurate copy of Defendant's Answer with Affirmative Defenses, attached hereto as **Exhibit "B."**

3.     By a letter dated August 13, 2018, Defendant requested a statement of damages from Plaintiff.  See a true and accurate copy of the August 13, 2018 correspondence, with enclosures, attached hereto as **Exhibit "C."**

4.     By a follow-up letter dated August 29, 2018, Defendant again requested a statement of damages from Plaintiff. See a true and accurate copy of the August 29, 2018 correspondence, with enclosures, attached hereto as **Exhibit "D."**

5.     On September 11, 2018, Defendant received Plaintiff's statement of damages in the amount of $100,000. See a true and accurate copy of Plaintiff's statement of damages, attached hereto as **Exhibit "E."**

6.     The State Court wherein this action was originally filed is located in Ocean County, New Jersey, which is embraced within this jurisdictional district.

7.     Removal from the Superior Court of New Jersey, Law Division, Ocean County is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Court of the United States has original jurisdiction and if "none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought."

8.     This Court has original jurisdiction under 28 U.S.C. §1332 because the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth below.

9.     Plaintiff avers that he resides at 6 Florian Court, in the Township of Manchester, in the County of Ocean, in the State of New Jersey. See **Exhibit "A."**

10.     Therefore, Plaintiff is a citizen of New Jersey.

11.    Plaintiff's complaint contains allegations of negligence arising out of a shopping experience that Plaintiff had at Wal-Mart Store #1844 located at 950 Route 37 West in Toms River, New Jersey on June 28, 2016. See **Exhibit "A."**

12.    On June 28, 2016, and at all times since, Wal-Mart Store #1844 was operated by Wal-Mart Stores East, LP.

13.    Wal-Mart Stores, Inc. is the ultimate parent entity of Wal-Mart Stores East, LP. Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Bentonville, Arkansas.  The corporation is a citizen of both the States of Delaware and Arkansas.

14.    Wal-Mart Stores, Inc., which is a Delaware corporation with its principal place of business in Arkansas, is the ultimate and sole (100%) owner of Wal-Mart Stores East, LP, through various wholly-owned operating entities as follows:  Wal-Mart Stores, Inc. (WMSI) is the sole (100%) owner of Wal-Mart Stores East, LLC (WMSE), which is an Arkansas corporation with its principal place of business in Arkansas.  Wal-Mart Stores East, LLC, is the sole (100%) owner of WSE Management, LLC, and WSE Investment, LLC, which are both Delaware limited liability companies whose principal places of business are in Arkansas.  WSE Investment, LLC, is the 99% owner and limited partner of Wal-Mart Stores East, LP.  WSE Management, LLC, is the 1% owner and general partner of Wal-Mart Stores East, LP.  Accordingly, Wal-Mart Stores East, LP, is owned by two Delaware limited companies whose sole owner and shareholder is an Arkansas corporation (WMSE), which in turn is wholly-owned by a Delaware corporation (WMSI).

15.    None of Wal-Mart Stores East, LP's limited or general partners are citizens of the State of New Jersey.

16.    Based upon the foregoing, Defendant is a citizen of the States of Delaware and Arkansas.

17.     Accordingly, Plaintiff is diverse from the named Defendant and the requirements of diversity jurisdiction are satisfied.

18.     Defendant has reason to believe that Plaintiff's damages exceed $75,000 based upon Plaintiff's $100,000 statement of damages.

19.     Where a case started by the initial pleading is not removable, "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). See also, § 1446(c)(3)(A).

20.     Plaintiff's Complaint only contained vague/general claims of damages but failed to quantify any amount. See **Exhibit "A."**

21.     Prior to the receipt of Plaintiff's statement of damages, Defendant could not have reasonably or intelligently concluded from the Complaint or other previously available information that the amount in controversy exceeded the jurisdictional minimum.

22.     This Notice of Removal is filed within thirty (30) days of service of the other paper in which Plaintiff indicated that the case's value exceeded $75,000, thus warranting removal.

23.     Removal from Superior Court of New Jersey, Law Division, Ocean County is proper under 28 U.S.C. §1441(a) and (b), which authorizes the removal of any civil action of which the District Courts of the United States has original jurisdiction and if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which such action is brought.

24.     This Court has original jurisdiction over the subject matter under 28 U.S.C. §1332 as the parties are citizens of different states, and the matter in controversy exceeds $75,000 as set forth herein.

25.     Based on the foregoing, the preponderance of the evidence establishes that the matter in controversy is in excess of $75,000 exclusive of interest and costs.

26.     Based on the foregoing, the requirements of 28 U.S.C. §§ 1441(a) and (b) and 1446(b) and (c) have been satisfied and the within matter is properly removable.

**WHEREFORE**, Defendants respectfully request that this State Action be removed from the Superior Court of New Jersey, Law Division, Ocean County, to the United States District Court for the District of New Jersey.

**MCDONNELL & ASSOCIATES, P.C.**

Dated:  October 9, 2018                    By:_____

Patrick J. McDonnell, Esquire
Barkha Patel, Esquire
*Attorneys for Defendant,* Wal-mart Stores, Inc.
(more properly identified as Wal-Mart
Stores East, LP)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

ALBERT GESUALDO,                        :
                                        : Civil Action
                        Plaintiff,      :
                                        : Case No.
            v.                          :
                                        : JURY TRIAL DEMANDED
WAL-MART STORES, INC., JOHN DOES :
1-10 and ABC CORP 1-10 (the last two    :
names being fictitious and unknown),    :
intended to represent the person, firm or :
corporation who owned, operated,        :
maintained or were otherwise responsible :
for the premises, of the commonly known as :
"WAL-MART," located at 950 Route 37     :
W Toms River, New Jersey 08755,         :
                                        :
                        Defendants.     :
                                        :

## CERTIFICATE OF SERVICE

I, Barkha Patel, Esquire, hereby certify that on October 9, 2018, the Notice of Removal on behalf of Defendant was filed electronically with the Court and is available for viewing and downloading from the ECF system. I also certify that a true and correct copy was served via regular mail on this same date on the following:

Darren J. Del Sardo, Esquire
**DEL SARDO & MONTANARI, LLC**
300 Lackawanna Avenue
Woodland Park, NJ 07424
*Attorneys for Plaintiff*

I hereby certify that the above statements are true.  I am aware that if any of the above statements by me are willfully false, I am subject to punishment.

MCDONNELL & ASSOCIATES, P.C.

Dated:  October 9, 2018                    By:_____

Barkha Patel, Esquire
Patrick J. McDonnell, Esquire
*Attorneys for Defendant,* Wal-mart Stores, Inc.
(more properly identified as Wal-Mart
Stores East, LP)

# EXHIBIT A

**Darren J. Del Sardo, Esq.-036561999**
**DEL SARDO & MONTANARI, LLC**
300 Lackawanna Avenue
Woodland Park, New Jersey 07424
(973) 785-8181
Attorney for Plaintiff
File No.: CV-1036

| | |
|---|---|
| ALBERT P. GESUALDO, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION:  OCEAN COUNTY |
| Plaintiff, | DOCKET NO.:  OCN-L- **CIVIL ACTION** |
| vs. | |
| WAL-MART STORES., INC., JOHN DOES 1-10 and ABC CORP 1-10 (the last two names being fictitious and unknown), intended to represent the person, firm or corporation who owned, operated maintained or were otherwise responsible for the premises, of the commonly known as "WAL-MART, located at 950 Route 37 W Toms River, New Jersey 08755 | **COMPLAINT, JURY DEMAND DESIGNATION OF TRIAL COUNSEL AND CERTIFICATION** |
| Defendants | |

Plaintiff, ALBERT P. GESUALDO ("GESUALDO"), residing at 6 Florian Court, in the

Township of Manchester, County of Ocean, and State of New Jersey, by way of Complaint

against the Defendants herein says:

**FIRST COUNT**

1.     Upon information and belief and at all times hereinafter mentioned, the

Defendant, WAL-MART STORES, INC. ("WAL-MART"), by and through its agents, servants

and/or employees, was the owner, operator and otherwise in possession, maintenance and

control of a certain area located inside a facility commonly known as WAL-MART and located

at 950 Route 37 W, in the Township of Toms River, County of Ocean, and State of New Jersey.

1

2.      On or about June 28, 2016, the Plaintiff, GESUALDO, while a patron, invitee, upon said Defendants' premises, was negligently caused to slip and fall on the ground of the premises therein injuring himself.

3.      At all times herein mentioned, the Defendant, WAL-MART, by and through its agents, servants and/or employees, was negligent and otherwise careless, reckless and inattentive in the ownership, operation, maintenance, control and inspection of its premises in permitting the area to be in great disrepair and allowing same to exist and remain in such a foreseeably hazardous and dangerous walking condition after having actual and/or constructive notice and knowledge thereof; failed to exercise reasonable and prudent care and caution coextensive to the invitation extended to the Plaintiff herein; failed to clean, remove, remedy or otherwise take affirmative action to safeguard or protect the unknowing patrons thereof under the then and there existing circumstances and conditions; failed to periodically observe, inspect and supervise the aforesaid store premises to disclose and prevent such foreseeably hazardous and dangerous walking conditions and was otherwise negligent.

4.      As a result of the aforesaid and carelessness of the Defendants as previously stated, the Plaintiff, GESUALDO, was caused to suffer and sustain severe and serious injuries to his head, body, limbs and nervous system, which further caused him to suffer severe and excruciating pain, as well as extreme mental anguish.  Upon information and belief, said injuries, or some of them, and the disabling effects resulting there from, are permanent in nature.  As a further result of said injuries, the Plaintiff, GESUALDO, was required to expend divers sums of money for medical care and attention, which was administered to her in an attempt to cure and/or alleviate said injuries and the disabling effects resulting there from, and the Plaintiff, GESUALDO, in the future, will be required to submit to further medical attention.

2

As a further result of said injuries, the Plaintiff, GESUALDO, has been unable to perform his usual daily tasks and has been prevented from participating in those activities enjoyed by individuals like-situated in life, all of which has prevented him from enjoying the normal fruits of his existence, both socially and economically, and he was otherwise damaged.

**WHEREFORE,** Plaintiff, GESUALDO, demands judgment against the Defendants herein, both jointly and/or severally, for damages including but not limited to: compensatory damages; costs of suit; interest; and such other relief as the Court deems just and appropriate.

## SECOND COUNT

1.      Plaintiff, GESUALDO, repeats, reiterates and re-alleges each and every allegation of the First Count, as if the same were more fully set forth herein at length.

2.      At all times hereinafter mentioned Defendants, JOHN DOES 1-10 (the last two names being fictitious and unknown) and/or ABC CORP 1-10 (said name being fictitious and unknown) were responsible for the maintenance of said premises.

3,      As a result of the negligence of the Defendants, JOHN DOES 1-10 (said name being fictitious and unknown) and/or ABC CORP 1-10 (said name being fictitious and unknown), their agents, servants and/or employees in creating and maintaining a dangerous and hazardous condition, Plaintiff was caused to sustain severe, temporary and permanent injuries, suffered and will continue to suffer great pain, was required and will in the future be required to seek medical attention for her injuries, has and will in the future be required to remain away from the lawful business and occupation.

4.      **WHEREFORE,** Plaintiff, GESUALDO, demands judgment against the Defendants, jointly, severally, and/or in the alternative for damages, together with costs of suit and interest.

3

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R.4:25-4, attorney Darren J. Del Sardo, Esq., of the Firm of DEL SARDO & MONTANARI, LLC is hereby designated as trial counsel.

### DEMAND FOR ANSWERS TO UNIFORM INTERROGATORIES

Plaintiffs hereby demand the defendant's answers to Uniform C and C (2) Interrogatories within the time prescribed by the Rules of Court.

### CERTIFICATION

Pursuant to R. 4:5-1, I certify that to the best of my knowledge the matter in controversy is not the subject of any other action pending in any court or pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated.

DEL SARDO & MONTANARI, LLC
Attorneys for Plaintiff

By: _____
Darren J. Del Sardo, Esq.

Dated: June 19, 2018

4

# Civil Case Information Statement

**Case Details: OCEAN | Civil Part Docket# L-001511-18**

**Case Caption:** GESUALDO ALBERT  VS WAL-MART
STORES, INC .

**Case Initiation Date:** 06/19/2018

**Attorney Name:** DARREN JAMES DEL SARDO

**Firm Name:** DEL SARDO & MONTANARI LLC

**Address:** 300 LACKAWANNA AVE
WOODLAND PARK NJ 074240000

**Phone:**

**Name of Party:** PLAINTIFF : GESUALDO, ALBERT

**Name of Defendant's Primary Insurance Company**
(if known): Unknown

**Case Type:** PERSONAL INJURY

**Document Type:** Complaint with Jury Demand

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?**  NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same**
**transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual**
**management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
  **If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
  **If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/19/2018
Dated

/s/ DARREN JAMES DEL SARDO
Signed

# EXHIBIT B

**MCDONNELL & ASSOCIATES, P.C.**
By: Patrick J. McDonnell, Esquire
PA Attorney ID: 026781991
By: Taisha K. Tolliver-Duran, Esquire
PA Attorney ID: 020782011
500 Route 70 West
Cherry Hill, New Jersey 08002
Telephone: (856) 429-5300
Facsimile: (856) 429-5314
ttolliver@mcda-law.com

*Attorneys for Defendant, Wal-Mart Stores,
Inc. (more properly identified as Wal-Mart
Stores East, LP)*

| | |
|---|---|
| ALBERT P. GESUALDO, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC., JOHN DOES 1-10 and ABC CORP 1-10 (the last two names being fictitious and unknown), intended to represent the person, firm or corporation who owned, operated, maintained or were otherwise responsible for the premises, of the commonly known as "WAL-MART," located at 950 Route 37 W Toms River, New Jersey 08755, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> OCEAN COUNTY <br> LAW DIVISION <br><br> CIVIL ACTION <br><br> DOCKET NO.: OCN-L-001511-18 <br><br> **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES, DESIGNATION OF TRIAL COUNSEL, DEMAND FOR CERTIFICATIONS AND JURY DEMAND** |

Defendant, Wal-Mart Stores, Inc. (more properly identified as Wal-Mart Stores East, LP) by way of Answer with Affirmative Defenses to Plaintiff's Complaint, hereby avers as follows:

## FIRST COUNT

1. Admitted in part; denied in part. Defendant admits only that Wal-Mart Stores East, LP operated a retail store at the premises identified. The remaining averments are denied as Defendant is unable to respond to allegations regarding unnamed agents, servants and/or employees.

2.   Admitted in part; denied in part.  Defendant admits only that on or about June 28, 2016, Plaintiff, Albert P. Gesualdo was present at the address identified.

3.   Denied.  Defendant is unable to respond to allegations regarding unnamed agents, servants and/or employees.

4.   Denied.

**WHEREFORE,** Defendant demands judgment in its favor and against Plaintiff and on all Counts, together with costs, reasonable attorneys' fees and any further relief that this Honorable Court shall deem equitable, just and proper.

## SECOND COUNT

1.   Defendant repeats all prior paragraphs of this Answer as though set forth at length herein.

2.   -3. Denied.  Defendant denies the allegations of this paragraph as they are directed to parties other than Defendant.

**WHEREFORE,** Defendant demands judgment in its favor and against Plaintiff and on all Counts, together with costs, reasonable attorneys' fees and any further relief that this Honorable Court shall deem equitable, just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff was injured as a result of a known risk, which was assumed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by reason of Plaintiff's own contributory negligence or, alternatively, the Plaintiffs' damages, if any, are reduced by the percentage of comparative negligence and the Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1, *et seq.* and common law.

## THIRD AFFIRMATIVE DEFENSE

To the extent that discovery reveals that Plaintiff could have minimized damages through care or treatment, Plaintiff's claims are barred insofar as Plaintiff failed to mitigate damages.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to take due care for his own safety.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's actions caused the incident at issue.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff was contributorily negligent, and such negligence was the sole proximate, efficient and contributing cause of the Plaintiff's damages.

## SEVENTH AFFIRMATIVE DEFENSE

While denying any fault with respect to the subject matter of the Complaint, Defendant states that insofar as such fault on its part may be found, such fault did not proximately cause any damages allegedly sustained by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant breached no duty to the Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Defendant is entitled to a credit or set-off with respect to any collateral payments made to Plaintiff for injuries arising from the wrong alleged pursuant to *N.J.S.A.* 2A:15-97, and *Perreira*

*v. Rediger*, 169 N.J. 399 (2001) including, but not limited to, any medical bills or costs paid or reduced by health insurance coverage.

### TENTH AFFIRMATIVE DEFENSE

The conduct of Defendant was privileged, either absolutely or conditionally.

### ELEVENTH AFFIRMATIVE DEFENSE

To the extent that all parties and claims are not joined, Plaintiff's causes of action may be barred by the Entire Controversy Doctrine.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's damages are limited by the Doctrine of Avoidable Consequences.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' injuries or losses are due solely, or in part, to a third-party over which the Answering Defendants had no control.

### FOURTEENTH AFFIRMATIVE DEFENSE

The alleged incident complained of resulted from circumstances beyond the control of Defendant.

### FIFTEENTH AFFIRMATIVE DEFENSE

While denying the allegations in the Complaint regarding damages allegedly sustained by Plaintiff, Defendant states that if Plaintiff proves such damages, they were caused by the superseding and intervening acts, negligence and/or fault of other parties or entities over whom Defendant had no control, nor right of control, and for whose actions Defendant is not and cannot be liable.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery from Defendant, if any, shall be diminished by the percentage of the total negligence attributable to any other liable parties in this action, under the New Jersey Joint Tortfeasor Contribution Act, *N.J.S.A.* 2A:53A-1, *et seq.*, the Comparative Negligence Act, *N.J.S.A.* 2A:15-5.1, *et seq.*, and *Young v. Latta*, 123 N.J. 584 (1991).

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant demands apportionment for any and all monies paid due to acts, conduct, negligence, committed by any co-defendant, third-party defendant, settled defendant, dismissed parties, or parties that were not joined by Plaintiff within the applicable statute of limitations.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert all defenses disclosed or developed in the course of discovery, arbitration and/or trial.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to move to dismiss the Complaint at any time prior to, at, or during trial on the ground that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## DEMAND PURSUANT TO Rules 1:5-1(a) and 4:17-4(c)

PLEASE TAKE NOTICE that the undersigned attorney for Defendant hereby demands that each party herein serving pleadings and/or discovery and/or receiving papers responsive thereto serve copies of all such pleadings, discovery and documents received from any party upon the undersigned and PLEASE TAKE FURTHER NOTICE that this is a continuing demand.

## DEMAND FOR DISCOVERY

Please take notice that Defendant requests from Plaintiff certified answers to New Jersey Uniform Form "A" Interrogatories as found in the Appendix to the New Jersey Rules of Court, 2015.

## DEMAND FOR JURY TRIAL

Trial by jury is hereby demanded pursuant to R. 1:8-2 and R. 4:35-1.

## DESIGNATION OF TRIAL COUNSEL

Please take notice that Patrick J. McDonnell, Esquire, is hereby designated Trial Counsel.

## CERTIFICATION PURSUANT TO RULE 4:5-1

Pursuant to R. 4:5-1, there are no other actions currently pending or contemplated. The undersigned hereby certifies that the subject matter of this litigation is not the subject of any other action pending in any other Court and is not the subject of any pending arbitration proceeding, nor is there any such action or arbitration proceeding contemplated. There are no other parties who should be joined in this action at this time.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

MCDONNELL & ASSOCIATES, P.C.

Dated: July 31, 2018

By: _____

Taisha K. Tolliver-Duran, Esquire
*Attorneys for Defendant,*
Wal-Mart Stores, Inc. (more properly identified
as Wal-Mart Stores East, LP)

**MCDONNELL & ASSOCIATES, P.C.**
By: Patrick J. McDonnell, Esquire
PA Attorney ID: 026781991
By: Taisha K. Tolliver-Duran, Esquire
PA Attorney ID: 020782011
500 Route 70 West
Cherry Hill, New Jersey 08002
Telephone: (856) 429-5300
Facsimile: (856) 429-5314
ttolliver@mcda-law.com

*Attorneys for Defendant, Wal-Mart Stores,
Inc. (more properly identified as Wal-Mart
Stores East, LP)*

| | |
|---|---|
| ALBERT P. GESUALDO,<br><br>            Plaintiff,<br><br>     v.<br><br>WAL-MART STORES, INC., JOHN DOES 1-10 and ABC CORP 1-10 (the last two names being fictitious and unknown), intended to represent the person, firm or corporation who owned, operated, maintained or were otherwise responsible for the premises, of the commonly known as "WAL-MART," located at 950 Route 37 W Toms River, New Jersey 08755,<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY<br>OCEAN COUNTY<br>LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO.: OCN-L-001511-18<br><br>**CERTIFICATE OF SERVICE** |

The undersigned hereby certifies that Defendant's Answer to Plaintiff's Complaint was forwarded to the Civil Clerk of Ocean County via this Court's Electronic filing system for proper filing. The undersigned further certifies that copies of all documents have been forwarded via facsimile to the following parties:

Darren J. Del Sardo, Esq.
**DEL SARDO & MONTANARI, LLC**
300 Lackawanna Avenue
Woodland Park, NJ 07424
*Attorneys for Plaintiff*

MCDONNELL & ASSOCIATES, P.C.

Dated:  July 31, 2018

By: _____

Taisha K. Tolliver-Duran, Esquire
*Attorneys for Defendant,*
Wal-Mart Stores, Inc. (more properly identified
as Wal-Mart Stores East, LP)

# Civil Case Information Statement

**Case Details: OCEAN | Civil Part Docket# L-001511-18**

**Case Caption:** GESUALDO ALBERT VS WAL MART STORES INC

**Case Initiation Date:** 06/19/2018

**Attorney Name:** TAISHA K TOLLIVER-DURAN

**Firm Name:** MC DONNELL & ASSOCIATES PC

**Address:** 500 ROUTE 70 WEST
CHERRY HILL NJ 08002-0000

**Phone:**

**Name of Party:** DEFENDANT : WAL MART STORES INC

**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** PERSONAL INJURY

**Document Type:** Answer

**Jury Demand:** YES - 6 JURORS

**Hurricane Sandy related?** NO

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

07/31/2018
Dated

/s/ TAISHA K TOLLIVER-DURAN
Signed

# EXHIBIT C

Law Offices Of

# McDonnell & Associates, P.C.

**500 Route 70 West**
**Cherry Hill, NJ 08002**
**Telephone: 856-429-5300**
**Facsimile:  856-429-5314**

**Taisha K. Tolliver-Duran, Esquire**
ttolliver@mcda-law.com
*Admitted in Pennsylvania and New Jersey*

Jaimie Nolte, Paralegal
jnolte@mcda-law.com

August 13, 2018

*Via Facsimile – 973-785-8182*
Darren Del Sardo, Esquire
Del Sardo & Montanari
300 Lackawanna Avenue
Woodland Park NJ 07424

> Re:  **Albert Gesualdo v. Walmart Inc.**
> **Superior Court of Ocean County – OCN-L-1511-18**
> **Our File # 141.006**

Dear Mr. Del Sardo:

Please be advised our firm represents Defendant, Wal-Mart Stores Inc., in the above matter. Enclosed please find a Request for Statement of Damages, pursuant to R. 4:5-2.  Kindly respond within five (5) days as required by that Rule.

Thank you for your attention to this matter.

Very truly yours,
*McDonnell & Associates, P.C.*

Jaimie M. Nolte, Paralegal to
Taisha K. Tolliver-Duran, Esquire

Enclosures

**MCDONNELL & ASSOCIATES, P.C.**
By: Patrick J. McDonnell, Esquire
PA Attorney ID: 026781991
By: Taisha K. Tolliver-Duran, Esquire
PA Attorney ID: 020782011
500 Route 70 West
Cherry Hill, New Jersey 08002
Telephone: (856) 429-5300
Facsimile: (856) 429-5314
ttolliver@mcda-law.com

*Attorneys for Defendant, Wal-Mart Stores,
Inc. (more properly identified as Wal-Mart
Stores East, LP)*

| | |
|---|---|
| ALBERT P. GESUALDO,<br><br>          Plaintiff,<br><br>     v.<br><br>WAL-MART STORES, INC., JOHN DOES 1-10 and ABC CORP 1-10 (the last two names being fictitious and unknown), intended to represent the person, firm or corporation who owned, operated, maintained or were otherwise responsible for the premises, of the commonly known as "WAL-MART," located at 950 Route 37 W Toms River, New Jersey 08755,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY<br>OCEAN COUNTY<br>LAW DIVISION<br><br>CIVIL ACTION<br><br>DOCKET NO.: OCN-L-001511-18<br><br>**DEMAND FOR STATEMENT OF DAMAGES** |

Pursuant to the Rules of Civil Procedure, 4:5-2, Plaintiff demands Damages in the following amount from Defendant, Wal-Mart Stores, Inc. (more properly identified as Wal-Mart Stores East, LP): $_____.

Date:                     By:_____
                                Darren J. Del Sardo, Esquire

Law Offices Of

# McDonnell & Associates, P.C.

500 Route 70 West
Cherry Hill, New Jersey 08002
Telephone:  856-429-5300
Facsimile:   856-429-5314

## FAX TRANSMISSION

**DATE:**                          August 13, 2018

**TO:**                            Darren Del Sardo, Esquire

**Fax #:**                         (973) 785-8182

**FROM:**                          Taisha K. Tolliver-Duran, Esquire
                                   Jaimie M. Nolte, Paralegal

**CLIENT/MATTER NO:**              Albert Gesualdo v. Walmart Stores Inc.
                                   Superior Court of Ocean County – OCN-L-1511-18
                                   Our File # 141.006

**PAGES:**                          3   (including this cover sheet)

**COMMENTS:**                      PLEASE SEE ATTACHED

**ORIGINAL**              ___ WILL          X  WILL NOT FOLLOW

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS CONFIDENTIAL AND ATTORNEY PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

✕ ✕ ✕ Communication Result Report ( Aug. 13. 2018 11:59AM ) ✕ ✕ ✕

1}
2}

Date/Time: Aug. 13. 2018 11:58AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|---|---|---|---|---|---|
| 2536 | Memory TX | 19737858182 | P. 3 | OK | |

Reason for error
E. 1) Hang up or line fail                    E. 2) Busy
E. 3) No answer                                E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size                E. 6) Destination does not support IP-Fax

Law Offices Of

## McDONNELL & ASSOCIATES, P.C.

500 Route 70 West
Cherry Hill, New Jersey 08002
Telephone:  856-428-5300
Facsimile:  856-428-5314

### FAX TRANSMISSION

| | |
|---|---|
| DATE: | August 13, 2018 |
| TO: | Darren Del Sardo, Esquire |
| FAX #: | (973) 785-8182 |
| FROM: | Talsha K. Tolliver-Duran, Esquire |
| | Jaimie M. Nolte, Paralegal |
| CLIENT/MATTER NO: | Albert Gesualdo v. Walmart Stores Inc. |
| | Superior Court of Ocean County -- OCN-L-1511-18 |
| | Our File # 14L006 |
| PAGES: | 3 (including this cover sheet) |
| COMMENTS: | PLEASE SEE ATTACHED |
| ORIGINAL | ___ WILL   X  WILL NOT FOLLOW |

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS CONFIDENTIAL AND ATTORNEY
PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY NAMED
ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY
PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY
US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S.
POSTAL SERVICE. THANK YOU.

# EXHIBIT D

Law Offices Of

# MCDONNELL & ASSOCIATES, P.C.

**500 Route 70 West**
**Cherry Hill, NJ 08002**
**Telephone:  856-429-5300**
**Facsimile:   856-429-5314**

**Taisha K. Tolliver-Duran, Esquire**
ttolliver@mcda-law.com
*Admitted in Pennsylvania and New Jersey*

Jaimie Nolte, Paralegal
jnolte@mcda-law.com

August 29, 2018

*Via Facsimile – 973-785-8182*
Darren Del Sardo, Esquire
Del Sardo & Montanari
300 Lackawanna Avenue
Woodland Park NJ 07424

　　　　　Re:　　**Albert Gesualdo v. Walmart Inc.**
　　　　　　　　**Superior Court of Ocean County – OCN-L-1511-18**
　　　　　　　　**Our File # 141.006**

Dear Mr. Del Sardo:

　　　　As you may recall, our firm represents Defendant, Wal-Mart, in the above matter. On August 13, 2018, we forwarded to you a Request for Statement of Damages, pursuant to *R*. 4:5-2. As of this date, we have not received a response to our Request for Statement of Damages.

　　　　Kindly respond within five (5) days as required by *R. 4:5-2*, or we will be forced to file a motion.

　　　　Thank you for your attention to this matter.

　　　　　　　　　　　　　　　　　Very truly yours,
　　　　　　　　　　　　　　　　　*MCDONNELL & ASSOCIATES, P.C.*

　　　　　　　　　　　　　　　　　Jaimie M. Nolte, Paralegal to
　　　　　　　　　　　　　　　　　Taisha K. Tolliver-Duran, Esquire

Enclosures

Law Offices Of

# McDONNELL & ASSOCIATES, P.C.

500 Route 70 West
Cherry Hill, New Jersey 08002
Telephone:  856-429-5300
Facsimile:   856-429-5314

# FAX TRANSMISSION

**DATE:**                         **August 29, 2018**

**TO:**                             **Darren Del Sardo, Esquire**

**Fax #:**                         **(973) 785-8182**

**FROM:**                         **Taisha K. Tolliver-Duran, Esquire**
                                       **Jaimie M. Nolte, Paralegal**

**CLIENT/MATTER NO:**       **Albert Gesualdo v. Walmart Stores Inc.**
                                       **Superior Court of Ocean County – OCN-L-1511-18**
                                       **Our File # 141.006**

**PAGES:**                         **2   (including this cover sheet)**

**COMMENTS:**                   **PLEASE SEE ATTACHED**

**ORIGINAL**                   ___ **WILL**          **X   WILL NOT FOLLOW**

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS CONFIDENTIAL AND ATTORNEY PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

P. 1

�910 �910 �910 Communication Result Report ( Aug. 29. 2018 11:21AM ) �910 �910 �910

1)
2)

Date/Time: Aug. 29. 2018 11:20AM

| File No. | Mode | Destination | Pg(s) | Result | Page Not Sent |
|----------|------|-------------|-------|--------|---------------|
| 2885 | Memory TX | 19737858182 | P.   2 | OK | |

Reason for error
E. 1) Hang up or line fail           E. 2) Busy
E. 3) No answer                      E. 4) No facsimile connection
E. 5) Exceeded max. E-mail size      E. 6) Destination does not support IP-Fax

Law Offices Of

## McDonnell & Associates, P.C.

500 Route 70 West
Cherry Hill, New Jersey 08002
Telephone: 856-428-5300
Facsimile: 856-429-6314

### FAX TRANSMISSION

| | |
|---|---|
| DATE: | August 29, 2018 |
| TO: | Darren Del Sardo, Esquire |
| FAX #: | (973) 785-8182 |
| FROM: | Talsha K. Tolliver-Duran, Esquire |
| | Jainie M. Nolte, Paralegal |
| CLIENT/MATTER NO: | Albert Gasualdo v. Walmart Stores Inc. |
| | Superior Court of Ocean County — OCN-L-1511-18 |
| | Our File # 141.005 |
| PAGES: | 2 (including this cover sheet) |
| COMMENTS: | PLEASE SEE ATTACHED |
| ORIGINAL: | ___ WILL    X  WILL NOT FOLLOW |

THE INFORMATION CONTAINED IN THIS FACSIMILE MESSAGE IS CONFIDENTIAL AND ATTORNEY PRIVILEGED. THE INFORMATION IS INTENDED ONLY FOR USE OF THE INDIVIDUAL OR ENTITY NAMED ABOVE. IF THE READER OF THIS MESSAGE IS NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPY OF THIS COMMUNICATION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS COMMUNICATION IN ERROR, PLEASE IMMEDIATELY NOTIFY US BY TELEPHONE AND RETURN THE ORIGINAL MESSAGE TO US AT THE ABOVE ADDRESS VIA THE U.S. POSTAL SERVICE. THANK YOU.

# EXHIBIT E



# DEL SARDO & MONTANARI

### A LIMITED LIABILITY COMPANY
### ATTORNEYS AT LAW
### 300 LACKAWANNA AVENUE
### WOODLAND PARK, NJ 07424
### (973) 785-8181
### (973) 785-8182 - FACSIMILE

DARREN J. DEL SARDO †⊥
ddelsardo@ddsmlaw.com
MICHAEL J. MONTANARI
mmontanari@ddsmlaw.com
JENNIFER HOLOWACH ▲
jholowach@ddsmlaw.com
JAYNA B. PATEL ▲*
jpatel@ddsmlaw.com

NEW YORK OFFICE
330 SUNRISE HIGHWAY
ROCKVILLE CENTRE, N.Y. 11570

⊥ CERTIFIED BY THE SUPREME
COURT OF NEW JERSEY AS A CIVIL
TRIAL ATTORNEY
† MEMBER OF NJ AND DC BARS
▲ MEMBER OF NJ AND NY BARS
* MEMBER OF FL BAR

September 11, 2018

**Via Facsimile (856)429-5314 and Regular Mail**
Patrick J. McDonnell, Esq.
McDonnell & Associates, P.C.
500 Route 70 West
Cherry Hill, New Jersey 08002

Re:    **Albert P. Gesualdo vs. Wal-Mart Stores, Inc.**
         **Docket No.: OCN-L-1511-18**
         **Our File No.: CV-1036**

Dear Mr. McDonnell:

Enclosed please find the undersigned's response to the Demand for Statement of Damages, which was propounded upon us by your office.

Kindly withdraw your motion returnable September 28, 2018.

Thank you for your cooperation.

Very truly yours,
DELSARDO & MONTANARI, LLC

Darren J. Del Sardo, Esq.

DJD/em
Enclosures

MCDONNELL & ASSOCIATES, P.C.
By: Patrick J. McDonnell, Esquire
PA Attorney ID: 026781991
By: Taisha K. Tolliver-Duran, Esquire
PA Attorney ID: 020782011
500 Route 70 West
Cherry Hill, New Jersey 08002
Telephone: (856) 429-5300
Facsimile: (856) 429-5314
ttolliver@mcda-law.com

*Attorneys for Defendant, Wal-Mart Stores, Inc. (more properly identified as Wal-Mart Stores East, LP)*

| | |
|---|---|
| ALBERT P. GESUALDO, <br><br> Plaintiff, <br><br> v. <br><br> WAL-MART STORES, INC., JOHN DOES 1-10 and ABC CORP 1-10 (the last two names being fictitious and unknown), intended to represent the person, firm or corporation who owned, operated, maintained or were otherwise responsible for the premises, of the commonly known as "WAL-MART," located at 950 Route 37 W Toms River, New Jersey 08755, <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY OCEAN COUNTY LAW DIVISION <br><br> CIVIL ACTION <br><br> DOCKET NO.: OCN-L-001511-18 <br><br> DEMAND FOR STATEMENT OF DAMAGES |

Pursuant to the Rules of Civil Procedure, 4:5-2, Plaintiff demands Damages in the following amount from Defendant, Wal-Mart Stores, Inc. (more properly identified as Wal-Mart Stores East, LP): $ 100,000.00

Date: 9/10/18

By: Darren J. Del Sardo, Esquire